## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| R.C. SPENCELEY, INC. and SPENCELEY REALTY CO., | )  CIVIL NO.  115/2010 |
| | ) |
| Petitioners, | ) |
| | ) |
| vs. | ) |
| | ) |
| TOPA INSURANCE COMPANY, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## PETITIONERS' REPLY TO RESPONDENT'S OPPOSITION TO PETITIONERS' MOTION FOR REMAND

COMES NOW Petitioners R.C. Spenceley, Inc. and Spenceley Realty Co., ("Petitioners"), by and through undersigned counsel, who hereby replies to Respondent TOPA Insurance Company's ("Respondent" or "TOPA") opposition to Petitioners' Motion for Remand.  In support thereof, Petitioners state as follows:

TOPA argues that the addition of Arlen Wheeler as a Respondent in Petitioners' Amended Petition in the Superior Court was a "fraudulent joinder".  In particular, TOPA argues that Petitioner makes no legal claim against Respondent Arlen Wheeler.  TOPA argues that "[w]hether or not Mr. Wheeler was incompetent or impartial, Spenceley stands to recover nothing from Mr. Wheeler.  Their only recourse lies vis-à-vis TOPA, their insurer."  However, this argument is symptomatic of the fundamental problem with TOPA's interpretation of both the instant action as well as TOPA's declaratory judgment action (Civil Number 2010-113).

These cases are not before the Court pursuant to some ongoing litigation regarding insurance coverage, breach of contract, valuation of property, or assessment of loss.  These cases are before the Court solely to select a fair and impartial appraiser and to select an umpire.  There is no demand for relief beyond that.  There is no demand for

R.C. Spenceley, Inc., et al. v. TOPA Insurance Company
St. Thomas/St. John District Court Civ. No. 2010/0115
Petitioners' Reply to Respondent's Opposition to Petitioners' Motion for Remand

monetary damages, no demand for the Court to determine the value of the property, no demand for the Court to determine the amount of loss. Rather, this is more akin to parties in a dispute that has not resulted in a lawsuit applying to the Court to select their mediator. As a result, there can be no case or controversy presented in the instant action involving $75,000.00 or more. As TOPA itself has noted, "a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement." However, this has not stopped TOPA from both filing what it termed a "declaratory judgment" action in District Court (seeking non-declaratory judgment relief)[1] and a notice of removal of Petitioners' Superior Court case to District Court.

Even if we assume, for the sake of argument, that somehow the selection of an appraiser or the selection of an umpire with no demand for monetary relief somehow satisfies the jurisdictional requirements of the District Court, TOPA's claim that Petitioners seek nothing from Respondent Wheeler is disingenuous to say the least. If anything, the instant petition itself seeks no monetary relief from *TOPA*. The instant petition seeks, as its *primary* form of relief, to have *Respondent Wheeler* removed as TOPA's appraiser and to have TOPA compelled to select a "competent and impartial" appraiser or in the alternative to appoint an umpire. In other words, the instant action speaks to Respondent Wheeler's competence and impartiality. Moreover, in as much as Respondent Wheeler is *employed* by TOPA and is *paid* by TOPA for acting in the

---

[1] Though TOPA claims that the relief sought in the instant action is properly presented in the form of a demand for declaratory relief, this is inaccurate. A quick review of *American Jurisprudence Pleading and Practice Forms Annotated (2010)*, dealing with just such standard provisions in contracts of insurance, shows that the accepted and customary procedure *both* for obtaining the appointment of an appraiser (14A Am.Jur. Pl. & Pr. Forms Insurance § 287) *and* for the appointment of a neutral umpire/arbitrator

R.C. Spenceley, Inc., et al. v. TOPA Insurance Company
St. Thomas/St. John District Court Civ. No. 2010/0115
Petitioners' Reply to Respondent's Opposition to Petitioners' Motion for Remand

capacity of their appraiser regarding Petitioners' property, Respondent Wheeler is clearly a necessary, interested party in an action to have him *disqualified* as incompetent and/or biased and *lose his position* as appraiser of Petitioners' property for TOPA as well as the income derived from that position. Even if Respondent Wheeler had *never* been added to Petitioners' case, the Court would certainly have granted a motion by Wheeler to *intervene* in Petitioners' original case as a necessary, interested party whose interest was not being represented by Petitioners or by TOPA.

TOPA also argues that the instant action should not be remanded because "[n]o substantive amendment of the original Superior Court Petition was made," implying that the inclusion of Arlen Wheeler as a respondent was completely groundless. As for the absence of substantive amendments, this is true. However, this is because Wheeler was central to this petition before there was any amendment. Petitioners' original petition was rife with allegations specifically targeting Wheeler and his incompetence and bias. Petitioners' Amended Petition simply acknowledges that Wheeler is clearly a necessary, interested party in a petition that, before there was any amendment, sought to remove him from his job based on his incompetence and bias. Wheeler (and his improper conduct) constituted approximately 33 paragraphs of the original 63 paragraph petition (with the vast majority of the remaining 30 paragraphs dedicated to describing the policy of insurance and the facts that lead up to Wheeler's hiring). As a result, and as TOPA has noted, it required only the addition of the word "Respondent" to acknowledge that these allegations were relevant to Wheeler himself as a clearly necessary, interested party.

---

(14A Am.Jur. Pl. & Pr. Forms Insurance § 298) is via *petition* rather than declaratory judgment.

R.C. Spenceley, Inc., et al. v. TOPA Insurance Company
St. Thomas/St. John District Court Civ. No. 2010/0115
Petitioners' Reply to Respondent's Opposition to Petitioners' Motion for Remand

In short, the instant matter must be remanded because TOPA has failed to show that the amount in controversy requirement has been satisfied. Regardless of TOPA's efforts to treat a request to appoint an umpire (or to remove an appraiser) as equivalent to the actual valuation of Respondents' property or the amount of Respondents' loss, the relief sought in the instant action involves *no amount* in controversy. However, even if TOPA satisfied the amount in controversy, in as much as TOPA has decided to treat Petitioners' instant action as though it seeks declaratory judgment relief, it is left to the *Court*'s discretion to decide whether or not to *exercise* that jurisdiction over a request for relief under the Declaratory Judgment Act ("DJA"). Specifically, the United States Supreme Court has held that: "[a]lthough the District Court [has] jurisdiction of the suit under the Federal Declaratory Judgment Act […] it [is] under no compulsion to exercise that jurisdiction. The [defendants'] motion to dismiss [is] addressed to the discretion of the court." *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942). The District Court has little reason to trouble itself with efforts by parties who are *not* in litigation, even parties with complete diversity, to have the District Court select their mediator or umpire, especially when the Superior Court was already addressing the matter.

WHEREFORE, Petitioners move the Court to enter an order remanding this matter to the Superior Court of the Virgin Islands, Division of St. Thomas and St. Croix, Civil Case Number 619/2010, and for such further relief as the Court deems just in the premises

RESPECTFULLY SUBMITTED,

Dated: November 22, 2010

_/s/ Mark D. Hodge__
HODGE & FRANCOIS
Mark D. Hodge (VI Bar 825)
1340 Taarneberg, St. Thomas, V.I. 00802
mark@hodgefrancois.com
P: 340-774-6845, F: 340-776-7720

R.C. Spenceley, Inc., et al. v. TOPA Insurance Company
St. Thomas/St. John District Court Civ. No. 2010/0115
Petitioners' Reply to Respondent's Opposition to Petitioners' Motion for Remand

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd day of November, 2010, a true and correct copy of the foregoing PETITIONERS' REPLY TO RESPONDENT'S OPPOSITION TO PETITIONERS' MOTION FOR REMAND was served via notice of electronic filing to:

> W. Mark Wilczynski, Esq.
> P.O. Box 1150
> Palm Passage, Suite C20-22
> St. Thomas, VI 00804-1150
> P: 340-774-4547 / F: 340-774-4759
> mwilczynski@usvilaw.com
> *Counsel for Respondent TOPA*

_____/s/ Mark D. Hodge_____