```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS & ST. JOHN

R.C. SPENCELEY, INC. and SPENCELEY  )
REALTY COMPANY,                      )
                                     )
          Petitioners.               )
                                     )
                                     )   Civil No. 2010-115
                                     )
                                     )
          v.                         )
                                     )
TOPA INSURANCE COMPANY,              )
                                     )
          Respondent.                )
                                     )
_____)


ATTORNEYS:


Mark D. Hodge, Esq.
     For R.C. Spenceley Inc. and Spenceley Realty Company.

Mark Wilczynski, Esq.
St.  Thomas, U.S.V.I.
     For Topa Insurance Company.


                    MEMORANDUM OPINION & ORDER

GÓMEZ, C.J.
```

Before the Court is the motion by R.C. Spenceley, Inc. and Spenceley Realty Co. ("Spenceley") to remand this matter to the Superior Court of the Virgin Islands (the "Superior Court").

The petitioners are residents of St. Thomas, United States Virgin Islands. The respondent, Topa Insurance Company ("Topa") is a corporation duly organized and existing under the laws of

California, and authorized by the Virgin Islands Department of Licensing and Consumer Affairs to engage in the business of writing and selling insurance in the Virgin Islands.

On or about April 9, 2008, Topa executed and delivered to Spenceley an insurance policy, No. VEP 1029-03, (the "Policy"), covering the property located at 73 & 73A Krondprindsens Gade, St. Thomas, Virgin Islands (the "Property"). The Policy covered loss caused by fire. Its coverage period spanned from March 15, 2008 through March 15, 2009.

Spenceley paid Topa $24,813 as the premium on the Policy.

On or about January 18, 2009, the Property was damaged by fire.

On or about March 27, 2009, Spenceley submitted a signed, sworn proof of loss with complete inventories of the damaged and undamaged property to Topa.

Thereafter, Topa and Spenceley began negotiations as to the value of the covered property and the amount of loss sustained. Topa and Spenceley were unable to reach an agreement on these issues. The Policy provided that if the parties disagreed on the amount of the value of the property or the amount of the loss, either party would be able to make written demand for appraisal of the loss. Each party would then select a competent and impartial appraiser, and the appraisers would separately indicate

the value of the property and amount of loss.

Spenceley selected Brian L'Hommedieu ("L'Hommedieu"). Topa selected D. Arlen Wheeler ("Wheeler").

The Policy further provides that the two appraisers will select an umpire. In the event of a disagreement, the appraisers would submit their difference to the umpire. A decision agreed to by an appraiser and the umpire would be binding.

Any effort to appraise the property died aborning as Wheeler and L'Hommedieu were unable to agree on an umpire. Spenceley asserts that the parties are at an impasse because Wheeler has resolved to summarily reject any umpire candidate that Spenceley suggests.

On October 29, 2010, the petitioners filed a petition against Spenceley seeking the removal of Wheeler, or in the alternative, court appointment of a neutral umpire.

On November 9, 2010, Spenceley amended its petition to name Wheeler as a respondent.

On November 10, 2010, Topa filed a notice of removal. Topa asserted that removal was appropriate because this Court possesses diversity jurisdiction over this action.

Spenceley objects to the removal of this case, because it asserts that the Court lacks subject matter jurisdiction, and moves the Court to remand this case to the Superior Court.

Section 1447(c) of Title 28 of the United States Code Annotated, provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. Ordinarily, a district court has jurisdiction "over civil actions arising under 'the Constitution, laws, or treaties of the United States' (federal question jurisdiction) and civil actions between citizens of different states with the amount in controversy exceeding the sum or value of $75,000 (diversity jurisdiction)." *Rockefeller v. Comcast Corp.*, 2011 WL 1468701, at * 1 (3d Cir. Apr. 18, 2011)(quoting 28 U.S.C. §§ 1331 , 1332(a)).

Topa based its removal of this action on the existence of diversity jurisdiction. The Supreme Court has "interpreted the diversity statute to require 'complete diversity' of citizenship." *C.T. Carden v. Arkoma Assoc.*, 494 U.S. 185, 187 (1990). That means "every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe,* 448 F.3d 201, 215 (3d Cir. 2006).

Spenceley and Wheeler share the same citizenship. Typically, that lack of complete diversity would deprive the Court of subject matter jurisdiction. *See Siravo v. Crown, Cork & Seal Co.*, 256 Fed. Appx. 577, 580 (3d Cir. 2007)("Given the lack of diversity between Plaintiffs and at least one of the

Defendants, the District Court correctly rejected diversity as a basis for exercising jurisdiction over this matter"). However, Topa argues that the Court should disregard the citizenship of Wheeler because he was joined as a defendant for the sole purpose of destroying diversity among the parties.

"The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d at 216. "Because a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a heavy burden of persuasion." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)(quotations and citations omitted).

Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)(quoting *Goldberg v. CPC Int'l Inc.*, 495 F.Supp. 233, 239 (N.D. Cal. 1980)). The Court "must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling

substantive law in favor of the plaintiff." *Boyer,* 913 F.2d at 111. The fraudulent joinder inquiry is less searching than that employed for a motion to dismiss under 12(b)(6), "[t]herefore, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983)).

In *Camden Fire Ins. Ass'n v. KML Sales, Inc.*, Camden Fire Insurance Association ("Camden") had issued an insurance policy to KML Sales. A fire caused the destruction of KML Sales' inventory. The insurance policy established an appraisal system, which provided that each party would select an appraiser, and if an agreement was not reached between the appraisers, an umpire would make a determination:

> The appraisal process called for each party to select an appraiser. Together, the two appraisers would decide the replacement cost of the destroyed inventory. If the appraisers could not come to an agreement, the district court would appoint an umpire who would decide between the two appraisers' proposed replacement costs.

> Each party selected an appraiser, and the appraisers could not reach an agreement. On October 29, 2002, KML filed a motion to appoint an umpire and submitted three individuals for the district court's consideration. The district court appointed one of those individuals as umpire on October 30, 2002.

*Camden Fire Ins. Ass'n v. KML Sales, Inc.*, 99 Fed. Appx. 367, 368 (3d Cir. 2004).

The Third Circuit described the underlying action in *Camden* as follows:

> Camden originally came to court to enforce the insurance policy's appraisal process, and the district court did so. According to the insurance policy written by Camden, once the parties entered the appraisal process, they had the right to an umpire if the appraisers could not agree. When the appraisers did not reach an agreement, the district court acted within the appraisal process and appointed the umpire.

*Id.* at 369.

Like Camden, Spenceley seeks to enforce its policy's appraisal process. Given that its action is rooted in the Policy, and Wheeler is not a party to the Policy, it is unclear on what basis Spenceley looks to proceed against him. In its petition, Spenceley asserts:

> 42. By failing to cooperate with Petitioner's Appraiser in selecting an umpire in violation of his duties mandated under the Policy, Respondent Wheeler has shown that he in not a competent and impartial appraiser, as required under the Policy.

(Am. Petition.) There is no allegation in the petition that in

his actions to undermine the process to select an umpire, Wheeler was acting as an agent for Topa. As such, there appears to be no basis for an action to enforce the Policy against Wheeler. Spenceley has failed to direct the Court to authority supporting a claim under Virgin Islands law for the breach of an insurance policy by an individual not a party to that policy. Because Spenceley lacks a "colorable ground" to proceed against Wheeler, the Court finds that Topa has met its burden of demonstrating that Wheeler was fraudulently joined. *See Batoff v. State Farm Ins. Co.*, 977 F.2d at 851-52 ("Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.")(citations and quotation marks omitted); *see also Lafalier v. State Farm Fire & Cas. Co.*, 391 Fed. Appx. 732, 739 (10th Cir. 2010)("A defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy."); *Parks v. The New York Times Co.*, 308 F.2d 474, 477 (5th Cir. 1962)("[T]he determination of fraudulent joinder is to be based on whether there was a real intention on colorable grounds to procure a joint judgment.").

Spenceley argues that diversity jurisdiction is absent for another reason. It asserts that this action does not meet the

amount-in-controversy requirement. "In determining whether the amount in controversy exceeds $75,000, the Court generally accepts the plaintiff's good faith allegations." *Onyiuke v. Cheap Tickets, Inc.*, 2011 WL 2619157, at * 2 (3d Cir. July 1, 2011). In order to find that the plaintiff has not satisfied the amount-in-controversy requirement "'[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999)(quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-89 (1938)).

The crux of Spenceley's argument is that "[r]egardless of TOPA's efforts to treat a request to appoint an umpire (or to remove an appraiser) as equivalent to the actual valuation of Respondent's property or the amount of Respondent's loss, the relief sought in the instant action involves *no amount* in controversy."(Pet'rs' Reply to Resp'ts' Opp. to Pet'rs' Mot. for Remand.)

In *Manze v. State Farm Ins. Co.*, the Court of Appeals for the Third Circuit examined whether the amount-in-controversy was met with respect to the plaintiff's petition to appoint a neutral arbitrator to determine uninsured motorist benefits under her insurance policy after she sustained injuries in an automobile accident. At the time of that action, the amount in controversy

required pursuant to 28 U.S.C. § 1332 was $10,000. In *Manze*, the Court noted that the plaintiff's policy set a $15,000 limit for uninsured motorist benefits claims. It found persuasive the reasoning employed by the Court of Appeals for the Second Circuit when that court evaluated the amount-in-controversy associated with a plaintiff's action seeking to compel arbitration:

> In considering the jurisdictional amount requirement the court should look through to the possible award resulting from the desired arbitration, since the petition to compel arbitration is only the initial step in a litigation which seeks as its goal a judgment affirming the award.

*Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1068 (3d Cir. 1987)(quoting *Davenport v. Proctor & Gamble Mfg. Co*, 241 F.2d 511, 514 (2d Cir. 1957)). Applying that logic, the court found that with respect to Manze's petition, "a sufficient amount in controversy exist[ed] . . . to satisfy the requirements for diversity jurisdiction." *Id.*

Here, in assessing the amount-in-controversy, the Court similarly looks beyond the "initial step" of the issue of the selection of an umpire. *See Manze*, 817 F.2d at 1068. The Policy's limit from losses from named perils to the building is $1,400,000. (Ex. A, Notice of Removal.) In light of Spenceley's possible recovery under the Policy, the Court cannot say with legal certainty that the plaintiff cannot meet the amount-in-

controversy. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995) ("Given that the Jumaras allege quite serious injuries and an entitlement to as much as $200,000 in underinsured motorist benefits, we cannot say with legal certainty that the Jumaras will recover less than $50,000.").

Given that Spenceley has failed to establish that this Court lacks subject matter jurisdiction over this matter, the Court will deny its motion to remand.
The premises considered, it is hereby

**ORDERED** that Spenceley's motion to **REMAND** is **DENIED**.

 

S\_____
   **CURTIS V. GÓMEZ**
    **Chief Judge**